**6**     IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLORADO

### JUDGE PHILIP A. BRIMMER

### COURTROOM MINUTES

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: November 20, 2015 |
| Court Reporter: Janet Coppock | Time: one hour and 43 minutes |
| Probation Officer: Gary Kruck | Interpreter: n/a |

**CASE NO.  14-CR-00295-PAB**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | David Tonini |
| | Alecia Riewerts |
| | Sex Offender Investigator Kimberly Heath |
| Plaintiff, | |
| vs. | |
| **ERIC EUGENE HARTWELL,** | Clifford Barnard |
| Defendants. | |

### SENTENCING

**2:35 p.m.**     **COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present and in custody.

**ORDERED:**  The statement of facts in the Presentence Report and its Addendum are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Court addresses the defendant's objections to the presentence investigation report.

**2:38 p.m.**     Direct examination of Government's witness Scott Burgess by Mr. Tonini.

Page Two
14-CR-00295-PAB
November 20, 2015

**2:47 p.m.**     Cross examination by Mr. Barnard.

**2:51 p.m.**     Redirect examination by Mr. Tonini.

Witness is excused.

**3:33 p.m.     COURT IN RECESS**

**3:55 p.m.     COURT IN SESSION**

Mr. Barnard addresses sentencing.

Argument by Mr. Tonini in support of the United States' Motion for an Upward Departure of Variance and comments addressing sentencing.

Argument by Mr. Barnard.

Defendant addresses the Court.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:**   United States' Motion for an Upward Departure of Variance [Docket No. 111], is **GRANTED in PART**.

Defendant was found GUILTY as to counts **1 and 2 of the Indictment on August 13, 2015.**

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:**   Defendant shall be **imprisoned** for **60** months as to Count One and **120** months, a variant sentence as to Count Two, to be served concurrently with Count One.

Court RECOMMENDS that the Bureau of Prisons place the defendant at **a facility that has a sex offender specific program**.

**ORDERED:**   Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years as to Count One and **5** years as to Count Two, to be served concurrently.

Page Three
14-CR-00295-PAB
November 20, 2015

**ORDERED:** **Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.
- (**X**) Defendant shall not unlawfully possess a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- ( ) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph, plethysmograph and visual reaction time measuring instruments as determined therapeutically appropriate. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency.
- (**X**) The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.
- (**X**) The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the

Page Four
14-CR-00295-PAB
November 20, 2015

                monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

(**X**)    The defendant shall be placed on home detention (Global Positioning Satellite) for a period of 12 months, to commence within 21 days of sentencing/release. During this period, the defendant shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer. This period of home detention shall be enforced by electronic monitoring. To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones. The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

(**X**)    If the defendant is unable to secure an approved residence at the time of commencement of his term of supervised release, the defendant shall reside in a Residential Reentry Center (RRC) for a period of six (6) months, and shall observe the rules of that facility.

(**X**)    The defendant shall have no unsupervised contact with minors.

**ORDERED:** Defendant shall pay **$200.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days from entry of judgment.

**ORDERED:** A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:** Defendant is REMANDED to the custody of the U.S. Marshal.

**5:40 p.m.**     **COURT IN RECESS**

**Total in court time:   103 minutes**

**Hearing concluded**